THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department
 of Social Services, Respondent,
 v.
 Lavinya W. and Franklin G.,
 of whom Franklin G. is Appellant.
 In
 the interest of: S.F., DOB 8/25/02, a minor child under the age of eighteen
 years. 
 
 
 

Appeal From Charleston County
Judy C. McMahon, Family Court Judge
Unpublished Opinion No.  2009-UP-103
Submitted January 2, 2009  Filed February 27, 2009
AFFIRMED

 
 
 
 Eric
 Johnson, of Charleston, for Appellant.
 Donnie
 T. Brisbane, of North Charleston, for Respondent.
 Adriane
 M. Belton, of Charleston, for Guardian Ad Litem.
 
 
 

PER
 CURIAM:  Franklin G. appeals the
 termination of his parental rights to S.F.  See S.C. Code Ann. § 20-7-1572 (Supp. 2007).[1]  Upon
 a thorough review of the record and the family courts findings of fact and
 conclusions of law, pursuant to Ex Parte Cauthen, 291 S.C. 465, 354
 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.  
 Accordingly, we affirm the family courts ruling and relieve counsel.  
AFFIRMED.[2]
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.

[1] Effective June 16, 2008, the General Assembly amended
 the Code of Laws of South Carolina by adding Title 63, the South Carolina
 Childrens Code, and transferring all provisions of Title 20, Chapter 7 to
 Title 63.  See Act No. 361, 2008 S.C. Acts 3623 (stating the transfer
 and reorganization of the code provisions in this act are technical . . . and
 are not intended to be substantive).  Because Title 63 has not yet been bound,
 all citations to the statute refer to Title 20.
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.